IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2023 Session

**DOUGLAS EDWARD CHRISTIAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 2020-CR-47034   Vanessa A. Jackson, Judge**

———————————————

**No. M2022-01255-CCA-R3-PC**

———————————————

The Petitioner, Douglas Edward Christian, appeals from the Coffee County Circuit Court's denial of his petition for post-conviction relief from his drug-related convictions and his effective twenty-year sentence. On appeal, the Petitioner contends that the post-conviction court erred when it denied his ineffective assistance of trial counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Corissa M. Davis (on appeal) and Glen C. Moore (at hearing), Chattanooga, Tennessee, for the Petitioner, Douglas Edward Christian.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Craig Northcott, District Attorney General; Joshua Powell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions arose from his arrest for drug offenses on November 3, 2014. Multiple anonymous tips notified Manchester Police Department (MPD) Investigator Butch Stewart of the location of the Petitioner at a Manchester motel. When Investigator Stewart and other officers located the Petitioner, the Petitioner allowed officers to search his motel room and his car. Officers located empty plastic bags in the room's toilet and cocaine in the car. The Petitioner was arrested, and two days later, maintenance workers at the motel discovered a bag of drugs which was clogging the toilet in the room where the Petitioner had stayed. While awaiting trial, the Petitioner was recorded in a jail-house telephone call admitting to the possession of the drugs found in the motel room.

A Coffee Country jury convicted the Petitioner of possession with intent to sell or deliver 0.5 gram or more of methamphetamine, possession with intent to sell or deliver 0.5 gram or more of cocaine, possession with intent to sell or deliver buprenorphine, and possession of marijuana, for which he received an effective twenty-year sentence. He appealed the convictions, and this court affirmed. *State v. Douglas Edward Christian*, No. M2018-00320-CCA-R3-CD, 2019 WL 3948933 (Tenn. Crim. App. August 21, 2019).

The Petitioner filed a petition for post-conviction relief, alleging that he had received the ineffective assistance of trial counsel. At the post-conviction hearing, neither party called any witnesses and relied upon their filings in the post-conviction court. The Petitioner asked the court to consider the trial transcripts attached to the petition. The transcripts of Investigator Stewart's and the Petitioner's trial testimony, and a transcript of the Petitioner's sentencing hearing, were received as exhibits.

The Petitioner argued that three statements made during Investigator Stewart's testimony should have been objected to by trial counsel:

(1) "I get a call from the maintenance people and motel management that I need to come by there. They needed to talk to me."

(2) "So I went by there and they had a towel – it was wrapped in a towel. It was a blue-and-white-checkered bag of what at one point were drugs."

(3) "[A]nd it appeared to be quite a bit of it because it had been hung up in a toilet for two days. They had actually rented the room once and they complained about the toilet being stopped up. Maintenance went over there and they couldn't get it unstopped and they actually unbolted the toilet and lifted it up and then found the bag hung up in the pipe."

The Petitioner asserted that each of these statements would have been excluded at trial due to hearsay, prejudice, and chain of custody objections if trial counsel had objected.

The Petitioner also argued that trial counsel was ineffective at the sentencing hearing because a 1987 Federal drug possession conviction was used without objection to enhance his sentence. The Petitioner claimed the prior conviction's felony class was improperly determined and then used to enhance his sentencing to a Range II offender instead of a Range I offender. He stated that he was prejudiced by counsel's not objecting to the conviction's felony classification.

The State responded that the lack of objections by trial counsel to Investigator Stewart's testimony was part of counsel's trial strategy to deny ownership of the drugs and

that the drugs recovered at the time of the Petitioner's arrest would have supported his convictions even if the bag of drugs subsequently retrieved from the toilet had been excluded at the trial. The State also said that the trial court's felony classification of the Federal conviction was upheld on appeal and counsel's failure to object to the conviction class was not deficient.

The post-conviction court denied relief and found that the Petitioner's trial strategy was to assert that another occupant of the motel room possessed the drugs. The court found that the existence of the drugs in the room would have come into evidence due to the Petitioner's admission. The court also found that even if the motel room drugs were excluded, the proof of the Petitioner's guilt was overwhelming. The court determined that the Petitioner's improper sentencing claim had been previously determined on appeal from the conviction proceedings when this court held that the Petitioner's Federal conviction was properly used to qualify the Petitioner as a Range II offender. *See Douglas Edward Christian*, 2019 WL 3948933, at *7.

We begin by noting that the Rules of Appellate Procedure require citations to the record to support arguments in an appellant's brief. Tenn. R. App. P. 27. Tennessee Rule of Appellate Procedure 27(a)(7)(A-B) requires that an appellant's brief contain:

(7) An argument . . . setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review . . . .

The Petitioner has failed to include any citations to the record in his brief. He has claimed that "objectionable . . . statements" underlie his ineffective assistance of counsel claim without providing this court with references to what was said at the trial. Additionally, the Petitioner cites to no Tennessee Rule of Evidence to support his claim that the statements should have been excluded. The Petitioner's sentencing claim also lacks citations to the record, and his sentencing argument consists of the statement that "this court should evaluate this matter based on the objectionable nature the introduction of the 1987 conviction as a sentence enhancer and the prejudice that [the Petitioner] suffered as a result of the conviction not being objected to by trial counsel."

This court's rules state, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

Tenn. R. Ct. Crim. App. 10(b). The limited record from the Petitioner's post-conviction hearing, coupled with a lack of proof, citations, arguments, and references to the record provides this court with no direction in reviewing the Petitioner's claim. Furthermore, the record reflects that the issue regarding the federal felony conviction was previously determined by this court and cannot serve as a basis for the Petitioner's ineffective assistance of counsel claim. *See Douglas Edward Christian*, 2019 WL 3948933, at *7; *see also* T.C.A. § 40-30-106(h) (2018). Accordingly, appellate review of the Petitioner's ineffective assistance of trial counsel claim is waived. *Id.*

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE